IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT REDMAN,

    Plaintiff,

vs.                                                                No.:

AETNA LIFE INSURANCE COMPANY,

    Defendant.

## PLAINTIFF'S COMPLAINT

AND NOW, comes the Plaintiff, Robert Redman, by and through his undersigned counsel, Max Petrunya, Esquire and the law firm of Robert Peirce & Associates, P.C., and files the within Complaint to recover benefits due under a policy of disability insurance issued by Defendant Aetna Life Insurance Company ("Aetna").

## JURISDICTION and VENUE

1.      This action is brought pursuant to 28 U.S.C. § 1332. This Court has jurisdiction based upon diversity of the parties and the amount in controversy. Additionally, this is an action brought pursuant to Section 502(a), (e)(1) and (f) of ERISA 29 U.S.C. §§1132(a)(e)(1) and (f). This Court has subject matter jurisdiction pursuant to 29 U.S.C. §1132(e)(1), 28 U.S.C. §1331 and 28 U.S.C. §1367(a). Under Section 502(f) of ERISA, 29 U.S.C. §1132(f), the Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

2.      Venue is properly laid in this district pursuant to 28 U.S.C. §1391(a), as the Plaintiff resides in this district, became disabled in this district, was issued the subject insurance policy in this district, and the Defendant is subject to personal jurisdiction in this district.

1

## PARTIES

3. Plaintiff Robert Redman is an adult individual residing at 710 Lewis Street, Brownsville, Pennsylvania 15417.

4. Accordingly, Mr. Redman is a citizen of Pennsylvania.

5. Defendant Aetna Life Insurance Company ("Aetna") is a corporation with its principal place of business at 151 Farmington Avenue, Hartford, Connecticut 06156.

## FACTS

6. Robert Redman is employed as a feeder tractor trailer driver through UPS.

7. Mr. Redman's job requires him to be on the road for hours at a time and to deliver trailers to other UPS facilities for delivery.

8. On August 10, 2016, Mr. Redman was diagnosed with chronic colitis.

9. Mr. Redman's condition prevents him from performing his duties as a feeder driver, as Mr. Redman must be close to a bathroom based on his medical condition.

10. Accordingly, Mr. Redman is disabled and prevented from working his job as a feeder driver for UPS.

11. Mr. Redman left work with UPS on disability due to his condition on April 22, 2016.

12. Mr. Redman filed for long term disability benefits through Aetna on November 1, 2016.

13. Aetna denied Mr. Redman long term disability benefits on December 22, 2016 based on the fact that Aetna did not believe that Mr. Redman met the definition of disabled under the policy.

14. Aetna defines disabled under the policy as:

   a. You cannot perform the material duties of your own occupation solely because of:

      i. an illness; or
      ii. an injury; or
      iii. a disabling pregnancy-related condition.

15. Mr. Redman remains disabled as defined by the policy.

16. Mr. Redman filed timely appeals for benefits. Mr. Redman's appeals were denied, and Mr. Redman has exhausted all of his administrative remedies associated with these appeals as of June 21, 2017.

## COUNT I

### ERISA CLAIM FOR BENEFITS UNDER THE PLAN – 29 U.S.C. 1132(a)(1)(b)

17. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth at length herein, and further alleges as follows.

18. The plan provides that Plaintiff is entitled to replacement disability income ("disability benefits") based upon his becoming and remaining disabled within the meeting of the plan.

19. Plaintiff has established his disability within the meaning of the plan and is entitled to disability benefits because he is unable to perform his occupation and is also unable to perform

the material and substantial duties of any gainful occupation for which he is reasonably fitted by training, education, or experience.

20. On or about June 21, 2017, Defendant denied disability benefits. Plaintiff is entitled to payment of the disability benefits under the plan, because his medical conditions prevented, and continue to prevent, him from performing the material and substantial duties of his regular occupation and continue to prevent him from performing the material and substantial duties of any gainful occupation for which he is reasonably fitted by training, education, or experience.

21. Defendant's denial of long-term disability benefits constitutes denial of benefits governed by ERISA, and adversely affects the Plaintiff's eligibility for long-term disability benefits.

WHEREFORE, Plaintiff Robert Redman demands judgment in his favor and against Defendant in an amount in excess of the jurisdictional limits, plus costs of suit, plus pre and post-judgment interest, plus attorney's fees and costs.

        Respectfully submitted,

By: /s/ Max Petrunya
    MAX PETRUNYA, ESQUIRE
    Pa. I.D. No.: 309122

    ROBERT PEIRCE & ASSOCIATES, P.C.
    Firm I.D. No.: 839
    2500 Gulf Tower
    707 Grant Street
    Pittsburgh, PA 15219
    (412) 281-7229
    mpetrunya@peircelaw.com
    Counsel for Plaintiff